IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

PAUL A. CRIDLEBAUGH, et al.,  )
            Plaintiffs,  )
          )
vs.  )   Case No. 12-6037-CV-SJ-ODS
          )
CITIMORTGAGE, INC. d/b/a  )
CITIGROUP, INC. d/b/a  )
CITICORP MORTGAGE IN NM, et al.,  )
          )
            Defendants.  )

## ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs filed suit in state court, generally alleging that Defendants failed to properly document certain real estate transactions, culminating in the filing of one or more Deeds of Trust and other documents that did not accurately reflect the parties' transactions. Plaintiff has asserted a multitude of state claims, as well as a claim under the Truth in Lending Act (TILA). Defendants CitiMortgage, Inc. d/b/a CitiGroup, Inc. d/b/a/ Citicorp Mortgage in NM and Mortgage Electronic Registration Systems, Inc. (the "Removing Defendants") removed the case to federal court, alleging (1) the presence of a federal question and (2) the fact one of the defendants – Freddie Mac – is entitled to remove all cases filed against it.

In seeking to remand, Plaintiffs first contend diversity of citizenship is lacking. This, of course, is irrelevant: citizenship does not matter when a federal question is present, and even if diversity of citizenship is lacking the Court would have supplemental jurisdiction over the state claims. Plaintiffs invite the Court to sever and remand the state claims pursuant to 28 U.S.C. § 1441(c)(2), but that provision applies only if the Court has no basis for jurisdiction over certain claims – and here, a basis for jurisdiction over the state claims exists pursuant to 28 U.S.C. § 1367.

Plaintiffs' argument regarding the posting of a bond is rejected. The removal statutes do not impose such a requirement.

Plaintiffs' argument regarding the need for consent of all Defendants is meritorious. The Removing Defendants argue unanimity is not required when removal is based on a federal question, but this is not correct. 28 U.S.C. § 1446(b)(2)(A) requires consent of all defendants when removal is based on 28 U.S.C. § 1441(a). The Removing Defendants contend section 1441(a) is limited to cases where jurisdiction is based on diversity of citizenship, but nothing in section 1441(a) contains such a limitation. Section 1441(a) applies when federal courts have "original jurisdiction," and original jurisdiction is not limited to diversity jurisdiction. Cf. Christiansen v. West Branch Community School Dist., 674 F.3d 927, 931-33 (8th Cir. 2012) (discussing unanimity requirement in context of case where original jurisdiction predicated on existence of a federal question). The Record does not reflect that all then-served Defendants consented to removal, and the Removing Defendants do not suggest that all then-served Defendants consented to removal. Moreover, in its separate response Freddie Mac specifically disclaims having consented.[1]

The Court concludes there has been a defect in the removal process, so the Motion to Remand (Doc. # 10) is granted. The case is remanded to the Circuit Court for Mercer County, Missouri. Plaintiffs' request for an award of costs is denied.
IT IS SO ORDERED.

DATE: June 4, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Consent of other defendants is not required for Freddie Mac to remove the case. See 28 U.S.C. § 1442(a). However, Freddie Mac did not remove the case, and admits that it "did not participate in the removal itself."